IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LUIS A. ESTRADA JIMENEZ,

                Petitioner,                        OPINION AND ORDER

    v.

                                                    25-cv-852-wmc

CHRIS BUESGEN,

                Respondent.

---

Petitioner Luis A. Estrada Jimenez, who is representing himself while incarcerated at Stanley Correctional Institution, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, challenging his state-court conviction for first-degree intentional homicide in Dane County Case No. 2015CF2616.  Petitioner argues that he is entitled to relief because he was denied effective assistance of counsel during post-conviction and appellate review.  (Dkt. #1.)  The petition is before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases, which requires the court to examine and dismiss the petition if it "plainly appears" that petitioner is not entitled to relief.  After considering all of the pleadings and petitioner's litigation history, this action must be dismissed for the reasons explained below.

OPINION

The court must dismiss the petition because the petitioner previously brought a habeas petition challenging the same conviction in this court, which was denied and dismissed with prejudice on the merits.  *See Estrada-Jimenez v. Baenen*, No. 13-cv-570-slc (W.D. Wis. Nov. 24, 2015) (Dkt. #19.)  In that proceeding, the court rejected claims by

petitioner that he was denied effective assistance of counsel on post-conviction and appellate review. (*Id*. at 6-10.) Thereafter, the Seventh Circuit Court of Appeals denied a certificate of appealability.

Under 28 U.S.C. § 2244(b)(3)(A), a petitioner may not file a second or successive application for habeas relief in the district court unless he first seeks and obtains an order from the appropriate court of appeals authorizing the district court to consider the application. A second or successive petition is one in which the prisoner is challenging the same conviction that he challenged in a previous petition that was decided on the merits. *See Magwood v. Patterson*, 561 U.S. 320, 331 (2010) (petition is successive if it challenges state-court judgment that was challenged previously, but it is not successive if it challenges a new judgment entered after resentencing).

Because petitioner's prior habeas proceeding was dismissed with prejudice on the merits, his pending petition is successive and he has not presented any authorization from the Seventh Circuit. Absent approval from that court, this court has no authority to consider the petition and must dismiss it. *See Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996) ("A district court must dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing.").

Finally, because reasonable jurists would not debate whether this petition qualifies as second or successive, the court will not issue a certificate of appealability. *See Miller El v. Cockrell*, 537 U.S. 322, 336 (2003) (to obtain a certificate, a habeas petitioner must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition

should have been resolved in a different manner").


ORDER

IT IS ORDERED that:

1.  The petition for a writ of habeas corpus filed by Luis A. Estrada-Jimenez (dkt. #1) is DISMISSED without prejudice as an unauthorized second or successive petition.

2.  Petitioner is DENIED a certificate of appealability.

3.  The clerk of court shall enter judgment accordingly and close this case.

Entered this 20th day of May, 2026.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge